**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE<br>Douglas Rhoads & Shannon Rhoads**,**<br><br>Debtors, <br><br>_____<br><br>Douglas Rhoads & Shannon Rhoads, and Ronald Ryan,<br><br>Appellants,<br><br>v.<br><br>JPMorgan Chase, N.A.<br><br>Appellee. | No. CV-12-0508-PHX-DGC<br><br>Adversary No. 2:11-ap-01880 RTB<br>Case No. 2:10-bk-17533 RTB<br><br>**ORDER** |

The Court has before it Appellants Douglas and Shannon Rhoads' and Ronald Ryan's (collectively "Appellants") unopposed request for certification of direct appeal from the U.S. Bankruptcy Court to the 9th Circuit Court of Appeals, which Appellants have titled "Motion to Clarify that the Request for Certification of Direct Appeal to Court of Appeals was made to District Court or to Renew said Request to the District Court" (Doc. 17), and Appellee JPMorgan Chase, N.A.'s ("JPMorgan") unopposed "Notice of Timely Acceptance of offer of Judgment and Motion to Compel Compliance with Same." Doc. 18. Because the Court finds that the parties have not adequately briefed several issues related to the enforceability of the offer of judgment, and enforcement of the

judgment, if granted, would likely moot Appellants' request for direct appeal, the Court will refrain from ruling on either motion and order the parties to submit further briefing as set forth below.

## I. Background.

On March 9, 2012, Appellants Douglas and Shannon Rhoads filed a notice of appeal from the minute entry order of the U.S. Bankruptcy Court dismissing their adversary claims against JPMorgan with prejudice and finding that JPMorgan was entitled to reasonable attorneys' fees from the Rhoads and their attorney, Ronald Ryan. Doc. 1; *see* Doc. 1 at 6. On June 14, 2012, Appellants filed a status report stating that the Bankruptcy Court had entered a final order incorporating these rulings and denying reconsideration, and that Appellants intended to proceed with their appeal. Doc. 9, ¶¶ 2, 5.[1] Subsequently, Appellants filed motions – first with the Bankruptcy Court, then with this Court – requesting certification of direct appeal to the 9th Circuit Court of Appeals pursuant to Bankruptcy Rule 8001(f) and 28 U.S.C. § 158(d)(2). Docs. 16, 17.

On June 29, 2012, Appellants filed an offer of judgment, offering to dismiss their appeal if JPMorgan entered into a stipulated order vacating the award of attorneys' fees incurred in the adversary action against the Rhoadses' Attorney, Ronald Ryan, and requiring that the parties each pay their own attorneys' fees and costs incurred in the appeal to date. Doc. 12, ¶ 1(A) & (B). The offer required acceptance within 14 days, as provided by Federal Rule of Civil Procedure 68, and further stated that an unaccepted offer would be considered withdrawn unless the offer was extended in writing. *Id.*, ¶ 1(C) & (D).

On August 6, 2012, JPMorgan filed a notice of timely acceptance of the offer of judgment and motion to compel compliance. Doc. 18. JPMorgan asserts that it accepted

---

[1] After Appellants filed their initial notice of appeal with the Bankruptcy Court, but prior to the March 9 transfer to this Court, the Bankruptcy Appellate Council ("BAP") ruled that the minute entry order was not a final order for purposes of appeal. Doc. 4 at 2.

Appellants' offer of judgment via email on July 11, 2012, and negotiated a draft settlement with Ryan on July 22, 2012, but Douglas Rhoads subsequently refused the settlement even though it contained the same material terms as the offer of judgment, and refused to consent to Ryan's authorization to execute the stipulated judgment on Rhoads' behalf. *Id.*, ¶¶ 4-9. Ryan filed a notice of conflict of interest regarding this issue only, and informed Rhoads that he would not file a response to the motion to compel compliance, but that if Rhoads, a licensed attorney in Arizona, wanted to respond, it would be his responsibility to do so. Doc. 21. Rhoads filed no response, and JPMorgan filed a reply on October 18, 2012, requesting that the Court enforce the terms of the stipulated judgment, withdraw the request for certification of direct appeal, and resolve the appeal as stipulated, with prejudice. Doc. 41, *see* Docs. 18, 19.

## II.     Discussion.

The Court has jurisdiction to rule on the motion and enforce the settlement if appropriate. *See TNT Mktg., Inc. v. Agresti*, 796 F.2d 276, 278 (9th Cir. 1986) ("The district court [has] inherent power to enforce the agreement in settlement of litigation before it[.]"). The construction and enforcement of the settlement is governed by Arizona contract law. *See Jeff D. v. Andrus*, 899 F.2d 753, 759-60 (9th Cir. 1990) ("The construction of settlement agreements are governed by principles of local law which apply to interpretation of contracts generally.").

The Court has identified the following legal and factual issues bearing upon whether enforcement of the settlement is appropriate in this case.

### A.     Consent to the Offer of Judgment.

JPMorgan's assertions that the offer of judgment is binding on Rhoads raises an issue of fact about whether Rhoads consented to Ryan's submission of the offer of judgment. "An attorney is not his client's general agent and has no authority merely by virtue of retention in litigation to impair the client's substantial rights or the cause of action without the client's consent. However, where the client expressly so authorizes the attorney, the attorney may enter into an agreement on the client's behalf

compromising a lawsuit, and his action in doing so binds the client." *Hays v. Fischer*, 777 P.2d 222, 226 (Ariz. Ct. App. 1989) 227 (internal citations omitted).

Because JPMorgan's motion seeks specific performance, the Court may resolve the factual issue. *See id.* at 709 ("The motion to enforce the settlement agreement essentially is an action to specifically enforce a contract. 'An action for specific performance without a claim for damages is purely equitable and historically has always been tried to the court.'") (citation omitted); *Hays v. Fischer*, 777 P.2d 222, 226 (Ariz. Ct. App. 1989) (attorney authority is a question of fact, and the trial court's findings will not be disturbed unless they are unsupported by the evidence or are erroneous as a matter of law).

JPMorgan asserts that it had been involved in global settlement discussions with Rhoads concerning disputes outside the Adversary Pleading and this appeal. Doc. 18, ¶ 2. It further asserts that after Ryan emailed confirmation of the draft settlement to JPMorgan and Rhoads, Rhoads insisted for the first time that he refused to sign anything that did not also include a global settlement. Doc. 18, ¶¶ 6-7. The Declaration of JPMorgan Attorney Kyle S. Hirsch states that Rhoads "unexpectedly communicated that he did not authorize any agreement to resolve this appeal without global resolution of all disputes between Rhoads and Appellee[.]" Doc. 19, ¶ 11. Although JPMorgan claims that by placing conditions on the offer of judgment Rhoads attempted to rescind the offer in bad faith (Doc. 18 at 3), the pleadings are devoid of any documentation from which the Court can conclude that Ryan had Rhoads' consent to file the offer of judgment. Given the current briefing, the Court lacks sufficient evidence to find that Ryan acted with Rhoads' consent and that JPMorgan's acceptance of the offer of judgment therefore bound Rhoads.

A related question of fact, not addressed by either party, is whether Shannon Rhoads gave consent to the offer of settlement. This issue raises an additional question of law – not addressed by the parties – of what impact a spouse's consent or lack of consent to a settlement would have on the enforceability of that settlement.

- 4 -

### B. Email Acceptance of the Offer of Judgment.

JPMorgan's assertion that it timely accepted the offer of judgment by email raises the mixed question of law and fact of whether email acceptance of an offer is sufficient to satisfy Rule 68, which requires the party responding to an offer to "serve[] written notice accepting the offer," and, if so, whether the parties had consented in writing to such service as required by Rule 5(b)(2)(E). Fed R. Civ. P. 68(a), 5(b)(2)(E); *see Ortiz-Moss v. New York City Dept. of Transp.*, 623 F.Supp.2d 404, 407 (S.D.N.Y. 2008) (finding acceptance of a Rule 68 offer by email and electronic facsimile transmission inadequate under Rule 5(b)(2)(E) where the parties had not agreed in writing to such service); *Quinlan v. Camden USA, Inc.*, 236 P.3d 613, 614 (D. Nev. 2010) (agreeing with other federal court cases that had rejected service of a Rule 68 offer by fax where the mode of service was based on implied rather than written consent between the parties).

### C. The Court's Authority to Vacate the Bankruptcy Court's Order.

JPMorgan's request that the Court enforce the settlement offer, which includes vacature of the Bankruptcy Court's award of attorneys' fees against Ryan, raises the legal issue of whether the parties by stipulation can require a District Court to set aside a prior Bankruptcy Court ruling with no finding that the Bankruptcy Court's legal conclusions were incorrect or its factual findings clearly erroneous. *See* Fed. Rule Bankr. P. 8013; *U.S. v. Olsen*, 4 F.3dd 562, 564 (8th Cir. 1993).

### D. Additional Briefs.

Because JPMorgan has made a colorable claim that Appellants are bound by the offer of judgment, and resolution of this claim in JPMorgan's favor could moot Appellants pending appeal, the Court will afford the parties an opportunity to submit additional briefs on this issue. The parties should address the factual and legal issues detailed above and submit documentary evidence in support of all relevant factual contentions.

**IT IS ORDERED** that the parties shall submit memoranda, not to exceed 10 pages each, on the issues set forth above by the close of business on **December 14, 2012**. The parties are advised that the Court will not grant extensions to this deadline.

Dated this 28th day of November, 2012.

*David G. Campbell*
United States District Judge